UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHERELL A. HINES, Individually and on behalf of
R.H., S.H., and W.N.,

        Plaintiff,

-v-

MONROE COUNTY SHERIFF, CITY OF
ROCHESTER POLICE OFFICER, TOWN OF
GREECE JUDICIAL DEPARTMENT and GREECE
CENTRAL SCHOOL DISTRICT,

        Defendants.

DECISION AND ORDER
13-CV-6380T

---

On August 15, 2013, Plaintiff filed a motion to reconsider the August 7, 2013 Order dismissing this action with prejudice (Docket Nos. 4, 6). Plaintiff has also filed voluminous exhibits and photogra phs in support of the motion (Docket No. 7). The Court has reviewed Plaintiff's documents filed to date.

Fed.R.Civ.P. 60(b) provides for relief from a final judgment, order, or proceeding when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discove red in time. According to the Second Circuit Court of Appeals

> Rule 60(b) sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order. . . . Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. . . . In other words it should be broadly construed to do "substantial justice," . . . , yet final judgments should not "be lightly reopened." . . . The Rule may not be used as a substitute for a timely appeal. . . . Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.

*Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted).

Nothing in Plaintiff's motion for reconsideration allows the Court to grant relief from the Order dismissing the Complaint with prejudice under Fed.R.Civ.P. 60(b). The Complaint was dismissed due to the Court's finding that the claims were factually frivolous (Docket No. 4). Plaintiff does not demonstrate that there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time, nor does Plaintiff show that her claim should be reopened in the interest of justice.

## ORDER

IT IS HEREBY ORDERED that in order for the Court to rule on Plaintiff's motion for reconsideration (Docket No. 6), the Clerk of the Court shall re-open the Court's file in this matter, by making a new and separate notation on the docket reading "Civil Case Reopened";

FURTHER, that the motion for reconsideration is DENIED; and

FURTHER, that the Clerk of the Court shall re-close the Court's file in this matter by making a new and separate notation on the docket reading "Civil Action Terminated."

SO ORDERED.

Dated: September 26, 2013
Rochester, New York

_____
FRANK P. GERACI, JR.
United States District Judge

2